[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10942

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRAE MARTINIZE CROOK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:19-cr-00296-KOB-HNJ-1

_____

Before ROSENBAUM, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Andrae Martinize Crook appeals his 100-month sentence for possession of a firearm by a convicted felon.  In January 2019, law enforcement responded to a domestic disturbance between Crook and his then-girlfriend, Twaneisha Morris.  Victim Morris told law enforcement that Crook hit her in the face with a firearm.

On appeal, Crook challenges the district court's application of a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense (i.e., assault).  Crook argues that the only evidence to support the four-level increase was double hearsay because, at Crook's sentencing hearing, Corporal Adam Sorrell testified about what Officer Martin told him that victim Morris said.

After careful review, we conclude that was not the only evidence here.  Also, the hearsay evidence was reliable.  Thus, the district court did not clearly err in applying the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B).  Alternatively, the district court stated it would impose the same sentence regardless of the outcome of the guidelines issue, and we conclude any error in increasing Crook's offense level by four levels under U.S.S.G. § 2K2.1(b)(6)(B) was harmless.  We affirm Crook's sentence.

## I.     FACTS

To set the stage, we begin with Corporal Sorrell's testimony at Crook's sentencing hearing.  We then explain the procedural history of this case.

### A.     Corporal Sorrell's Testimony

On January 13, 2019, Corporal Sorrell responded to a call about a domestic dispute between Crook and Morris.  While Corporal Sorrell was traveling to the scene, dispatch informed him that Crook had left the area and gave Corporal Sorrell a vehicle description.  Corporal Sorrell saw a vehicle he believed to be Crook's vehicle, so Corporal Sorrell initiated a traffic stop.  Once Corporal Sorrell pulled that vehicle over, he observed that Crook was the lone occupant, and Corporal Sorrell recovered a firearm from the vehicle.

Corporal Sorrell communicated with Officer Martin, who was at the scene of the domestic disturbance.  According to Corporal Sorrell, Officer Martin told him Morris's face was "messed up."  Then, Officer Martin told Corporal Sorrell that Morris told Officer Martin that (1) she and Crook had gotten into a "physical altercation" and (2) Crook struck her in the face with a firearm.  In his report, Corporal Sorrell documented Officer Martin's statements about Morris's statements.

The next morning, Corporal Sorrell went to see Morris, and he observed that "[s]he had severe swelling on the left side of her face, [and] her left eye was swollen shut and purple."  So Corporal

Sorrell saw Morris's injuries for himself.  Furthermore, Morris said to Corporal Sorrell, "[D]o you see what he did."  Corporal Sorrell testified that, in his opinion, Morris's injuries were consistent with being hit in the face with a firearm.  Thus, Morris told two officers about the incident and her injuries corroborated her report.

## B.    Crook's Indictment and Guilty Plea

In May 2019, Crook was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  In July 2019, Crook pleaded guilty to that offense.

## C.    Crook's Presentence Investigation Report ("PSR") and Objections

The probation officer prepared a PSR, which recommended a base offense level of 24.  The PSR also recommended that the district court (1) increase the offense level by four levels under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense[1] and (2) reduce the offense level by

---

[1] The sentencing guidelines provide for a four-level increase to a defendant's base offense level for a firearm offense if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  This increase applies if the firearm "facilitated, or had the potential of facilitating, another felony offense."  *Id.* cmt. 14(A).

"Another felony offense" is defined for purposes of this guideline as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction

three levels under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility and timely notification of Crook's intention to plead guilty. Thus, the adjusted offense level was 25.

Crook received a criminal history score of 11 points, resulting in a criminal history category of V. Crook's advisory guidelines range was 100 to 125 months' imprisonment. However, Crook's offense carried a statutory maximum term of 120 months' imprisonment, 18 U.S.C. § 924(a)(2), so his guidelines range became 100 to 120 months' imprisonment.

Crook objected to the PSR's recommendation that the district court apply the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B). Crook argued that he did not strike Morris in the face with the firearm. Accordingly, Crook contended that the total offense level should be 21 and the advisory guidelines range should be 70 to 87 months' imprisonment.

## D.   Crook's Sentencing

At sentencing, Crook's counsel reiterated his objection to the four-level increase and the facts that triggered that increase. Crook's counsel denied the allegation that Crook used a gun to strike Morris and claimed the gun was in his car, not the house where the domestic dispute occurred. Crook's counsel objected to

---

obtained." *Id.* cmt. 14(C). Crook does not dispute that assault qualifies as "another felony offense."

the fact that the allegation arose from a hearsay statement made by victim Morris.

Next, the government called Corporal Sorrell to testify. Before and throughout Corporal Sorrell's testimony (outlined above), Crook's counsel objected to hearsay statements.

At one point, the district court asked why Officer Martin was not present. The government responded that it did not think it was necessary to have two officers present since hearsay was allowed in sentencing proceedings.

After Corporal Sorrell testified, Crook's counsel argued that since the court admitted hearsay, it needed to evaluate the reliability of the hearsay evidence. Crook's counsel noted that Corporal Sorrell never interacted with Officer Martin and the multiple levels of hearsay mattered in the reliability determination.

The government argued that it met its burden because Corporal Sorrell documented the hearsay statements in his report, saw Morris's injuries the morning after the domestic dispute, and stated Morris's injuries were consistent with being struck in the face by a firearm.

The district court found Corporal Sorrell's testimony—that Officer Martin told him Morris said she was struck in the face with a firearm—to be credible because it was corroborated by Sorrell's own observation the next morning. Specifically, the district court said Corporal Sorrell's observation the next morning "makes that hearsay more reliable" given the evidence of bruising and swelling

on Morris's face.  In so ruling, the district court implicitly found Crook had a gun during the domestic dispute.

The district court thus overruled the objections to Corporal Sorrell's testimony based on reliability and then adopted the factual statements and guidelines calculations in the PSR.  Crook himself did not testify at the hearing.

The district court sentenced Crook to 100 months' imprisonment, followed by three years of supervised release.  The district court explicitly stated that it would have imposed the same sentence regardless of how the guidelines issue was resolved.

Crook did not appeal.  Crook filed a 28 U.S.C. § 2255 motion to vacate his sentence, arguing his attorney was ineffective for failing to file a notice of appeal.  The district court granted Crook's motion to vacate, vacated his sentence, and set a new sentencing hearing.

At the resentencing hearing, the district court restated the advisory guidelines calculations and resentenced Crook to 100 months' imprisonment, followed by three years of supervised release.  The district court adopted the same reasons it stated at the original sentencing hearing.  This appeal followed.

## II.     STANDARD OF REVIEW

We review for clear error a district court's determination that a defendant possessed a gun in connection with another felony offense.  *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019).  To be clearly erroneous, this Court must be left with the

"definite and firm conviction" that the district court made a mistake. *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

## III.    DISCUSSION

On appeal, Crook argues that Corporal Sorrell's testimony that Officer Martin told him victim Morris said she was struck in the face with a firearm was not sufficient to support the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) because it is hearsay.

A sentencing court may enhance a sentence based on hearsay if the evidence has "sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010) (quotation marks omitted). These three elements were met.

First, Corporal Sorrell's testimony that Officer Martin told him Morris said she was struck in the face with a firearm has sufficient indicia of reliability. Corporal Sorrell visited Morris the morning after the domestic dispute and observed Morris's injuries. Corporal Sorrell then testified that those injuries appeared consistent with being hit in the face with a firearm. Morris also told Corporal Sorrell, "[D]o you see what he did." Since Corporal Sorrell's observations corroborated Officer Martin's statement that Morris told him she was struck in the face with a firearm, the district court found that the hearsay evidence was sufficiently reliable.

Second, the district court explicitly stated it found Corporal Sorrell's testimony that Officer Martin told him Morris said she was struck in the face with a firearm to be credible because it was corroborated by his own observations the next morning. Third, Crook had the opportunity to rebut the evidence at his sentencing hearing.

Alternatively, any error in increasing Crook's offense level by four levels under U.S.S.G. § 2K2.1(b)(6)(B) was harmless.

Under our precedent, a guidelines calculation error is harmless if (1) the district court stated it would impose the same sentence even if it decided the guidelines issue in the defendant's favor and (2) assuming an error occurred and the lower guidelines range applied, the sentence resulting from consideration of the 18 U.S.C. § 3553(a) factors would still be reasonable. *United States v. Keene*, 470 F.3d 1347, 1349–50 (11th Cir. 2006).

Here, the district court, in imposing the 100-month sentence, stated on the record that it would have imposed the same sentence regardless of the outcome of the guidelines issue. Further, as explained below, the district court's 100-month sentence is substantively reasonable in light of the circumstances and the § 3553(a) factors.

"We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances." *United States v. Oudomsine*, ___ F.4th ___, No. 22-10924, 2023 WL 220349, at *2 (11th Cir. Jan. 18, 2023). "We will vacate a

defendant's sentence as substantively unreasonable only if we are 'left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)).

Without the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B), Crook's total offense level would have been 21, and his advisory guidelines range would have been 70 to 87 months. U.S.S.G. Ch. 5, Pt. A (table). The district court's sentence of 100 months' imprisonment would have been a 13-month upward variance.

We conclude the district court properly supported such a variance through consideration of the § 3553(a) factors.[2] The district court noted that the offense involved a domestic violence dispute where a gun was present and stated that the presence of the gun "exacerbate[d] the danger." In other words, even if Crook did

---

[2] Section 3553(a) directs the court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the applicable guidelines range; (5) the pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to victims.

not strike Morris with the gun, the district court nonetheless found the presence of the gun during a domestic dispute exacerbated the danger.  The district court also considered (1) Crook's "extensive criminal history," including prior convictions for domestic violence and assault, (2) "the seriousness of th[e] offense," and (3) "the need to promote respect for the law and afford deterrence to criminal conduct."

## IV.    CONCLUSION

For these reasons, we conclude the district court did not clearly err in applying the increase under U.S.S.G. § 2K2.1(b)(6)(B). Alternatively, any error in increasing Crook's offense level by four levels under U.S.S.G. § 2K2.1(b)(6)(B) was harmless.  We affirm Crook's 100-month sentence.

**AFFIRMED.**